**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| VIVEK SHAH,<br><br>　　*Plaintiff,*<br><br>v.<br><br>SWAPNIL AGARWAL,<br><br>　　*Defendant*. | §<br>§<br>§<br>§<br>§　Civil Action No.: 4:26-cv-1209<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Vivek Shah ("**Mr. Shah**") files this Original Complaint against Defendant Swapnil Agarwal ("**Mr. Agarwal**").

### I.   PARTIES

1. Mr. Shah is an individual residing in Burlingame, California and is a citizen of the State of California.

2. Mr. Agarwal is an individual residing in Houston, Texas and is a citizen of the State of Texas.  Mr. Agarwal can be served at 8901 Gaylord Drive, Suite 100, Houston, Texas 77024, or wherever he may be found.

### II.   JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Mr. Shah (California) and Mr. Agarwal (Texas), and the amount in controversy exceeds $75,000, excluding interests and costs.

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(1) and § 1391(b)(2), because this is the district where Mr. Agarwal resides and where a substantial part of the events or omissions giving rise to these claims occurred. Further, under Section 13 of the parties' Confidential Settlement Agreement and Mutual Release (the "**Settlement Agreement**")

and Section 11 of the Promissory Note, the parties irrevocably submitted to venue and exclusive jurisdiction of this Court for any dispute arising out of the agreements.

### III.   FACTUAL BACKGROUND

5.    By this action, Mr. Shah seeks an award of damages, interest, attorneys' fees, and costs against Mr. Agarwal for Mr. Agarwal's breach of the Promissory Note and Settlement Agreement.

**A.   The Parties' Agreements**

6.    Following an arbitration between the parties, Plaintiff filed an application to confirm a final arbitration award in the 14th Judicial District of Dallas County, Texas on August 15, 2025 (the "**State Court Action**"). Soon after, the parties engaged in settlement discussions to resolve the State Court Action.

7.    On October 22, 2025, the parties executed the Settlement Agreement and the Promissory Note.  Under the Settlement Agreement and Promissory Note, Mr. Agarwal agreed to pay Mr. Shah $7,000,000 USD.  Mr. Agarwal agreed to pay Mr. Shah (1) $600,000 within twenty-four (24) hours of the parties' execution of the Settlement Agreement, at which point Mr. Shah would dismiss the State Court Action, and (2) $6,400,000 by no later than January 30, 2026, under the Promissory Note.

8.    Under the Settlement Agreement, the parties agreed that a default of the Promissory Note is a breach of the Settlement Agreement. The parties further agreed, under the Promissory Note, that interest on any unpaid amount would accrue upon default at the lesser rate of (i) six percent (6%) per annum, computed based on the actual number of days elapsed in a year consisting of 365 days, and (ii) the maximum interest rate allowed by law.

**B.   Mr. Agarwal's Breach**

9.    Mr. Agarwal paid Mr. Shah the initial $600,000 and Plaintiff dismissed the State

Court Action. Mr. Agarwal failed, however, to pay Mr. Shah the $6,400,000 by or before January 30, 2026. Accordingly, on January 31, 2026, Mr. Shah (through counsel) sent Mr. Agarwal a notice of failure to pay and demand for cure, pursuant to the Promissory Note.

10. To date, Mr. Agarwal has not cured his default by paying Mr. Shah the remaining $6,400,000 due and owing under the Promissory Note.

## IV.   CAUSES OF ACTION

### A.   COUNT 1: BREACH OF THE PROMISSORY NOTE

11. Mr. Shah repeats and realleges the allegations set forth in the foregoing paragraphs as if set forth more fully herein.

12. The Promissory Note is a valid and enforceable contract between Mr. Shah and Mr. Agarwal, and Mr. Shah is a proper party to bring suit for its breach. Mr. Shah has performed any and all of his obligations under the Promissory Note. Mr. Agarwal has breached the Promissory Note by failing to pay Mr. Shah $6,400,000.00 by January 30, 2026, and failing to cure his failure within five (5) business days of written notice of his failure to pay.

13. Mr. Agarwal's breach has damaged Mr. Shah in an amount within the jurisdictional limits of this Court.

### B.   COUNT 2: BREACH OF THE SETTLEMENT AGREEMENT

14. Mr. Shah repeats and realleges the allegations set forth in the foregoing paragraphs as if set forth more fully herein.

15. The Settlement Agreement is a valid and enforceable contract between Mr. Shah and Mr. Agarwal, and Mr. Shah is a proper party to bring suit for its breach. Mr. Shah has performed any and all of his obligations under the Settlement Agreement. Mr. Agarwal has breached the Settlement Agreement by failing to pay Mr. Shah and by breaching the Promissory Note.

16. Mr. Agarwal's breach has damaged Mr. Shah in an amount within the jurisdictional limits of this Court.

### C.    COUNT 3: PREJUDGMENT AND POST-JUDGMENT INTEREST

17. Mr. Shah repeats and realleges the allegations set forth in the foregoing paragraphs as if set forth more fully herein.

18. Under the Promissory Note, Mr. Shah is entitled to interest on the unpaid amount at the lesser rate of (i) six percent (6%) per annum, computed based on the actual number of days elapsed in a year consisting of 365 days, and (ii) the maximum interest rate allowed by law. Accordingly, Mr. Shah seeks to recover prejudgment and post-judgment interest.

### D.    COUNT 4: ATTORNEYS' FEES AND COSTS

19. Mr. Shah repeats and realleges the allegations set forth in the foregoing paragraphs as if set forth more fully herein.

20. As a result of Mr. Agarwal's actions and inactions, Mr. Shah was compelled to retain the undersigned attorneys to bring and file suit.

21. Mr. Shah is entitled to recover his attorneys' fees and costs under Section 18 of the Settlement Agreement and Section 7 of the Promissory Note. Mr. Shah is further entitled to recover his attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code. An award of attorneys' fees and costs to Mr. Shah is authorized and would be proper and just.

### V.    CONDITIONS PRECEDENT

22. All conditions precedent to Mr. Shah's recovery on his claims have occurred or been performed, waived, or otherwise excused.

## **PRAYER**

Accordingly, Plaintiff Vivek Shah requests that he have judgment against Defendant Swapnil Agarwal for the following:

a. Actual damages;

b. Reasonable attorneys' fees and expenses as allowed by law;

c. Prejudgment and post-judgment interest;

d. Costs of court; and

e. All other and further relief, general or special, at law or in equity, to which he may be justly entitled.

Dated: February 13, 2026

                Respectfully submitted,

                **FOLEY & LARDNER LLP**

                By: */s/ Rey Rodriguez IV*
                    Scott D. Ellis
                    Texas Bar No. 24044606
                    sellis@foley.com
                    Rey Rodriguez IV
                    Texas Bar No. 24107357
                    rey.rodriguez@foley.com
                    Jonathan Estuart
                    Texas Bar No. 24142872
                    jestuart@foley.com
                    1000 Louisiana Street, Suite 2000
                    Houston, Texas 77002
                    Telephone: (713) 276-5500
                    Facsimile: (713) 276-5555

                **ATTORNEYS FOR PLAINTIFF**